**04 CV 7375**

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| SIMONE CRAIG,<br><br>Plaintiff,<br><br>vs.<br><br>NAOMI CAMPBELL,<br><br>Defendant. | **Civil Action**<br><br>**COMPLAINT** |

Plaintiff Simone Craig, by and through her attorneys, by way of complaint against Defendant Naomi Campbell, says:

## I. PARTIES

1. Plaintiff Simone Craig was employed by Defendant Naomi Campbell as an assistant and is a resident of both New Jersey and California.

2. The Defendant Naomi Campbell (hereinafter "Defendant" or "Defendant Campbell") is, Plaintiff's believes, a resident of the City of New York and State of New York. Defendant is an internationally known fashion model and actress who has engaged in business and other activities in New York.

## II. JURISDICTION

3. Plaintiff is an individual and is, and was at all times mentioned below, domiciled in and a citizen of the state(s) set forth after her name above.

4. Defendant is an individual and is, and was, the plaintiff believes, at all times mentioned below, domiciled in and a citizen of the state of New York.

5. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact in this action is wholly between Plaintiff and Defendant who both reside in and are citizens of different states.

B38073
Civil Action / Simone Craig vs. Naomi Campbell
09/14/04

6. The jurisdiction of this Court is predicated on 28 U.S.C. §1332.

## III. CAUSES OF ACTION

### FIRST COUNT

7. On or about September 1, 2001, Unique Services, Inc., of New York City, hired Plaintiff to provide "administrative assistant services" to Defendant Naomi Campbell based out of New York and Los Angeles, California.

8. On or about September 15, 2001, the Defendant Campbell, inter alia, assaulted and held Plaintiff hostage against her will while on assignment to provide "administrative assistant" services to the Defendant at the L'Hermitage Hotel in Beverly Hills, California, for the Defendant.

9. On the aforementioned date, the Defendant Naomi Campbell engaged in one of her many, unknown to the Plaintiff at the time, "temper tantrums" directed at the Plaintiff for no apparent reason and, on the same date, when the Plaintiff attempted to remove herself from the Defendant Campbell's presence, the Defendant Campbell grabbed Plaintiff forcibly by her arms, thereby striking her about the arm, mid-body and a portion of her face, and then pulled her back into her hotel room and threw Plaintiff down on the room couch with great force while, at the same time, uttering obscenities and threatening her if she dared move from the couch area of the hotel room.

10. The Defendant Campbell continued, on this same date, to hover over Plaintiff in a threatening manner while yelling at Plaintiff that "You're gonna stay here and do your job!" in an attempt to intimidate, harass and hold Plaintiff hostage in her room without her consent.

11. Within a few hours of the first incident between Plaintiff and Defendant Campbell, Plaintiff made another attempt to leave Defendant Campbell's the hotel room, Defendant Campbell, while engaged in a conversation with Plaintiff's supervisor for the assignment, Carlton (last name unknown), threw the telephone in her room at Plaintiff, narrowly

missing Plaintiff in an effort to continue to intimidate, harass and forcibly restrain, restrict and hold Plaintiff hostage in her hotel room against her will and consent.

12. The actions of the Defendant Campbell were without a reasonable basis under the circumstances.

13. The actions of the Defendant Campbell caused Plaintiff to fear for her health and safety if she challenged Defendant's forcible restraint at the time.

14. The actions of the Defendants in forcibly detaining the Plaintiff caused her irreparable damage, embarrassment, humiliation and emotional and mental distress.

15. The actions of the Defendant Campbell in forcibly detaining the Plaintiff against her will resulted in her false imprisonment in her hotel facility on September 15, 2001.

16. By reason of the unlawful conduct of he Defendant Campbell, the Plaintiff was deprived of her personal liberty, suffered great pain and anguish of mind, and was greatly damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, together with interest, costs of suit and such other and further relief, as this Court deems equitable and just under the circumstances.

## SECOND COUNT

17. Plaintiff repeats and re-alleges each and every allegation contained in the First Count of the Complaint as set forth herein at length.

18. On or about September 15, 2001, the Defendant Campbell did maliciously strike, assault and batter the Plaintiff in her hotel room at the L'Hermitage Hotel in Beverly Hills, California.

19. The actions of the Defendant Campbell in assaulting and committing battery on the Plaintiff has caused her irreparable damage, embarrassment, humiliation and emotional and mental distress.

-3-

20. As a result of said assault and battery upon her person by Defendant, Plaintiff has been injured and immediately after the aforesaid assault and battery was prevented from continuing in the employ of Unique Services as a result of the actions of the Defendant, obtaining similar employment thereafter, attending to her necessary business and personal affairs and has suffered damages as a direct result.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, together with interest, costs of suit and such other and further relief as this Court deems equitable and just under the circumstances.

### THIRD COUNT

21. Plaintiff repeats and re-alleges each and every allegation contained in the First and Second Counts of the Complaint as set forth herein at length.

22. On or about September 15, 2001, the Defendant Campbell did negligently strike, assault and batter the Plaintiff in her hotel room at the L'Hermitage Hotel in Beverly Hills, California.

23. The actions of the Defendant Campbell in negligently striking, assaulting and committing battery on the Plaintiff has caused her irreparable damage, embarrassment, humiliation and emotional and mental distress.

24. As a result of said negligent assault and battery, Plaintiff has been injured and immediately after the aforesaid assault and battery was prevented from continuing in the employ of Unique Services as a result of the actions of the Defendant, obtaining similar employment thereafter, attending to her necessary business and affairs and has suffered damages as a direct result.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, together with interest, costs of suit and such other and further relief as this Court deems equitable and just under the circumstances.




## FOURTH COUNT

25. Plaintiff repeats and re-alleges each and every allegation contained in the First, Second and Third Counts of the Complaint as set forth at length herein.

26. On or about September 15, 2001, the Defendant Campbell did negligently and/or maliciously strike, assault and batter the Plaintiff in her hotel room at the L'Hermitage Hotel in Beverly Hills, California.

27. The actions of the Defendant Campbell, through her employees and/or agents, were calculated to intentionally inflict emotional distress on the Plaintiff, which result in and has caused her irreparable damage, embarrassment, humiliation and emotional and mental distress.

28. As a result of the intentional infliction of emotional distress upon her person by Defendant, Plaintiff has been injured and immediately after the aforesaid infliction was prevented from continuing in the employ of Unique Services as a result of the actions of the Defendant, obtaining similar employment thereafter, attending to her necessary business and personal affairs and has suffered damages as a direct result.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, together with interest, costs of suit and such other and further relief as this Court deems equitable and just under the circumstances.

## IV. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays judgment on any and all damages set forth in paragraphs 7 through 28 above and as follows:

1) For medical and related expenses according to proof.

2) For personal property according to proof.

3) For punitive and exemplary damages according to proof.

4) For costs of suit herein incurred.

5) For such other and further relief as the court may deem proper.

Dated:      September 14, 2004

**STEPHEN T. MITCHELL, ESQ.**
**ATTORNEYS AT LAW**

Stephen T. Mitchell (STM 7098)
Attorneys For Plaintiff
225 Broadway
NEW YORK, NEW YORK 10007
(212) 587-1932

**ROBERT T. PICKETT, ESQ.**
**ATTORNEYS AT LAW**

Robert T. Pickett
Attorneys for Plaintiffs
15 Village Plaza Suite 1C
South Orange, New Jersey 07079
(973)762-0613

Dated: September 14, 2004

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs demand a trial by a jury as to all issues in this matter in accordance with the Rules and applicable statutes, if any.

**STEPHEN T. MITCHELL, ESQ.**
**ATTORNEYS AT LAW**

Stephen T. Mitchell (STM 7098)
Attorneys For Plaintiff
225 Broadway
NEW YORK, NEW YORK 10007
(212) 587-1932

Dated: September 14, 2004